1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

PAUL A. ESTES, a single man, individually
and as Guardian ad Litem for ISAAK ESTES, a
minor child,

12

Plaintiff,

13

v.

14

UNITED STATES OF AMERICA, by and
through the DEPARTMENT OF THE ARMY,

15

16

Defendant.

Case No. C07-5416FDB

ORDER DENYING PLAINTIFF'S
MOTION FOR A PROTECTIVE
ORDER AND ORDERING
PRODUCTION OF L&I IME
REPORTS

17

**INTRODUCTION**

18        Plaintiff Paul A. Estes was employed with AKAL Security, Inc. as a civilian security guard at

19  Fort Lewis reservation.  On August 22, 2004, a Stryker vehicle was returning from a three-day

20  training exercise when passing the guard shack at the East Gate, its cage armor caught a column on

21  the guard shack overhang, lifting and moving the shack back.  Estes, who was stationed at the East

22  Gate at the time, jumped out of the way when he saw the Stryker approach, and he was not hit nor

23  did he fall.  Estes claims to have injured his back as a result of this incident, and that he has been

24  unable to work since.

25        Estes filed a claim with the Washington Department of Labor & Industries (L&I).  Pursuant

26  ORDER - 1

1  to L&I's request, Estes had a physical capacities evaluation, a vocational rehabilitation evaluation,

2  and a psychological examination.  The L & I Independent Medical Examiners are (1) Lewis

3  Kretschmer, M.D., Orthopedist; (2) Frank Paudler, M.D., Orthopedist; (3) Jennifer James, M.D.,

4  Physiatrist; and (4) Richard Schneider, Ph.D., Psychologist.

5                    **PARTIES' CONTENTIONS RE PROTECTIVE ORDER**

6            Plaintiff Estes moves for a protective order that any and all of the L&I mandated  medical,

7  vocational, or psychological examinations (L&I Independent Medical Examinations (IMEs)) of Estes

8  not be disclosed to any of Defendant's retained medical or other expert examiners for the reason that

9  the reports are "work product."  Estes analogizes the L&I independent medical examinations to the

10  medical examination conducted pursuant to the terms of personal injury protection (PIP) in an

11  automobile insurance policy in *Harris v. Drake*, 152 Wash.2d 480 (2004) where the Court held that

12  the PIP examination was properly claimed as work product by the automobile insurer. The Court in

13  *Harris* reasoned that since material that is prepared in anticipation of litigation qualifies as work

14  product, one must examine the specific parties and their expectations.  *Id.* at 487.  Citing to an earlier

15  case, *Heidebrink v. Moriwaki*, 104 Wn.2d 392 (1985), the Court concluded that when an insurance

16  company takes its insured's statement of how the accident happened, the insured reasonably expects

17  that this statement to his own insurer will be kept confidential.  *Id.* at 487-88.  Additionally, the

18  insured is required by the insurance contract's cooperation clause to provide a statement to the

19  insurer or risk losing coverage, and the insured reasonably expects that the statement will be kept

20  confidential.  *Id.* at 488.   The Court concluded that the PIP examination required of the insured

21  carries the same expectation of confidentiality,.  *Id.*

22            Estes argues that the L&I is in the same role as a private insurance carrier, and that the L&I

23  requirement that an injured worker submit to an IME or lose coverage under the State Industrial

24  Insurance Act (RCW 51.32.110) should carry the same expectation of confidentiality as the IME in

25  *Harris*.

26  ORDER - 2

1     Estes further argues that Defendant cannot show exceptional circumstances, substantial need,

2     or undue hardship as required by Fed. R. Civ. P. 26(b)(3)(A) because (1) Defendant has obtained the

3     medical records of Plaintiff's treating providers, (2) the opinions of Plaintiff's providers may be

4     explored though depositions, (3) Defendant has requested Rule 35 examinations by its doctors and,

5     thus, cannot show that it is impracticable to obtain medical opinions or records regarding Plaintiff's

6     physical or psychological condition, and (4) Plaintiff will not be calling any L&I IME doctor as a

7     witness, nor does he intend to in any way utilize any findings or opinions of such doctor(s), thus,

8     there is no undue hardship created for Defendant.

9     Defendant opposes the motion arguing that the Federal Rules of Civil Procedure, not the

10    Washington rules, which were at issue in *Harris*, apply in this case, and Federal law governs

11    determinations of work product.  Defendant also notes that certain providers identified by Plaintiff as

12    potential trial witnesses have reviewed or had access to at least some of the L&I IMEs.

13    Defendant argues that there are important factual distinctions between *Harris* and the

14    circumstances in Estes' case, which undermine the application of *Harris* here.  The statutory and

15    regulatory system in place to provide workers compensation replaces and abrogates the civil

16    common law tort system for work place injuries.  *See* RCW 51.04.010.  The workers compensation

17    system provides for independent medical evaluations, RCW 51.32.110, and also provides that the

18    reports are to be shared with a claimant's treating physician and are to become part of that treating

19    physician's plan of care for the claimant/patient, and the treating physician may reject the IME and

20    propose an alternative treatment plan.  (Ex. F to Def. Memo) Thus, Defendant argues that while one

21    purpose of the L&I IME may be to determine coverage, unlike the PIP IME in *Harris*, the report is

22    shared with the claimant's treating physicians and is a medical record that the claimant's treating

23    physicians review when making treatment decisions for the patient/claimant.  Consequently,

24    Defendant argues that the L&I IME is not created in anticipation of litigation or in preparation for

25    trial, and is, therefore, not work product.  Alternatively, if the L&I IME is considered to be work

26    ORDER - 3

1    product, non-disclosure is waived by disclosure to plaintiff's/claimant's treating physician.  The L&I

2    IMEs are part of the treating physicians' medical records, are part of their treating physicians'

3    treatment plans, and Estes has identified his treating physicians as trial witnesses.  Defendant

4    contends that these medical records including the L&I IME records must be made available to

5    Defendant's own experts to assist them in the formation of their opinions and also to assist counsel in

6    the examination of Estes' witnesses.  Thus, argues Defendant, even if the L&I IME reports are work

7    product and even if non-disclosure has not been waived by production to Estes' treating physicians,

8    the Defendant is entitled to the reports pursuant to Rule 26(b)(4)(B) (exceptional circumstances).

9       Defendant also argues that Fed. R. Civ. P. 35(b), concerning reports of physical and mental

10   examinations, mandates disclosure of the L&I IMEs.  Defendant argues that because it is in the

11   process of completing three mental and physical examinations of Plaintiff pursuant to Rule

12   35(a)(mental or physical examinations ordered when a party's mental or physical condition is in

13   issue), the reports of which Estes will presumably wish to receive copies, Estes must produce to the

14   defendant "like report[s] of any examination, previously or thereafter made, of the same condition

15   ...."  "Like reports" encompass the L&I IME reports, and Defendant argues they should be produced

16   to it.

17      Estes argues in reply that the L&I IME reports were not created pursuant to examinations

18   ordered by the Court; rather, they were mandated by statute, RCW 51.32.110.  Second, Estes argues

19   that until he requests the Defendant's Rule 35 examiners' reports, the need to provide "like reports"

20   is premature.  Third, "like reports" in Estes' custody are only mandated under Rule 35(b) to be given

21   to the opposing party, not the opposing party's Rule 35 examiners.  Fourth, the disclosure of the

22   L&I IME reports to Estes' attending physicians cannot be considered as a waiver, since the

23   disclosure was required by statute.  In any event, Estes contends that his treating physicians did not

24   rely on the L&I IME reports in forming their opinions.

25

26   ORDER - 4

**DISCUSSION & CONCLUSION**

The L&I IME reports at issue are not "work product." The IMEs were produced pursuant to a statute designed to compensate workers for work place injuries outside of a court action, and they are, perforce, not produced in anticipation of litigation. Additionally, the reports are provided to a claimant's treating physicians for their "review and files," and the treating physician is given an opportunity to concur or not in the treatment recommendations. For a full and fair review of Estes' mental and physical conditions, which are indeed placed in issue, Defendant and its experts must have the opportunity to review the L&I IME reports. Federal law applies on this issue, and *Harris* is not apt authority applying Washington law rather than Federal law as to what constitutes work product, and the situation in *Harris* is not analogous to this case involving a workers compensation statute. Accordingly, Estes' motion for a protective order must be denied.

NOW, THEREFORE, IT IS ORDERED:

(1) Plaintiff Estes' Motion for Protective Order [Dkt. # 26] [Errata Dkt. # 27; Amended Motion at Dkt. No. 28 & 29] is DENIED;

(2) Within five days of entry of this Order, Plaintiff Estes shall produce to Defendant United States complete copies of reports of all Labor & Industries independent medical examinations, including, but not limited to, those of Drs. Lewis Kretschmer, Frank Paudler, Jennifer James, and Richard Schneider.

DATED this 17th day of July, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5