# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

PAUL A. ESTES, a single man, individually and as Guardian ad Litem for ISAAK ESTES, a minor child,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, by and through the DEPARTMENT OF THE ARMY,

    Defendant.

Case No. C07-5416FDB

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL DATE and GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ALTERNATIVE MOTION

Plaintiff Estes was a civilian security guard at Fort Lewis who jumped out of the way when he saw a Stryker vehicle approach his guard shack at the East Gate. Although Estes was not struck nor did he fall, he claims that he injured his back as a result of the incident and that he has been unable to work since.

The Minute Order setting the schedule in this case was entered January 14, 2008, then continued by stipulation on February 5, 2008, owing to Plaintiff's counsel having erred in giving unavailability dates for other trials he had.

The Court ordered On July 17, 2008 that Plaintiff's L&I Independent Medical Examiners reports be produced.

By Order entered August 28, 2008, the parties stipulated to continue the expert disclosure dates by about one month, initial disclosure of experts and their opinions being due September 30, 2008, rebuttal experts and their opinions due October 31, 2008, and objections to opposition's

ORDER - 1

experts due November 14, 2008. Pretrial conference and mediation deadline was also continued, but the trial date remains for March 2, 2009. The stated reason for requesting this continuance was that Plaintiff was continuing to receive medical treatment rendering his experts unable to submit jointly their final opinions.

Plaintiff now moves again for a continuance, this time to set a new trial date six months from the present March 2, 2009 date and to issue a new scheduling order. Plaintiff so moves stating that his medical treatment is not completed, there is no final determination of rehabilitation, retraining, or loss of future earnings, thus, both the vocational expert and the future-lost-earnings expert are unable to prepare their opinions. Nor can there be a fair evaluation of Plaintiff's son's loss of consortium claim until Plaintiff's condition is stable and a prognosis available.

Plaintiff also filed an alternative motion to file its vocational rehabilitation and future-lost-earnings report by October 31, 2008, although Plaintiff states that the vocational rehabilitation report is likely to be abbreviated and have more to do with services to Plaintiff and less on retraining and employability based on Dr. Michael Martin's deposition opinion that Plaintiff is likely unemployable due to chronic pain. Plaintiff's request is confusing as his proposed order provides for submission of Plaintiff's vocational rehabilitation and economist reports to be served no later than November 10, 2008.

Meanwhile, the United States has complied with the September 30, 2008 date for submitting its expert witness disclosure reports, and objects to any further continuance. Additionally, the United States notes that a reference to a clinical psychologist who will examine Plaintiff on November 14, 2008 was previously undisclosed. The United States argues that it should not be put to the burden of retaining additional experts at this late date and of engaging in additional expert discovery, including the depositions of the additional experts once reports are finally exchanged, and urges the Court to deny both motions, decline to continue the trial date, and exclude untimely expert reports and their testimony.

ORDER - 2

It is unfair for one party to abide by the expert witness disclosure date and the other to delay until several weeks past the date to move for a continuance. Plaintiff gives no supportable reason, other than that Plaintiff's medical treatment has not concluded and his condition is not yet stable for his reasons to continue the expert reporting deadlines, and he does not state why Plaintiff's medical condition is just now apparent, given an earlier continuance for the same reason. Accordingly, Plaintiff's motions will be denied in part and granted in part as set forth below.

IT IS ORDERED: Plaintiff's Motion for an Order Continuing the Trial Date [Dkt. # 38] is DENIED; Plaintiff's Alternative Motion To Plaintiff's Motion to Continue Trial [Dkt. #41] is GRANTED in part and DENIED in part as follows:

1. Plaintiff's expert disclosures are due November 7, 2008; plaintiff will be limited to the disclosures made at that time and no additional experts will be allowed to report or to testify;

2. Rebuttal expert disclosures are due November 28, 2008;

3. Objections to experts are due December 12, 2008;

4. Discovery closure remains at December 15, 2008;

5. The 39.1 mediation report is due December 22, 2008.

6. All other deadlines remain as scheduled, including the March 2, 2009 trial date.

7. Further requests for continuances may result in sanctions.

DATED this 30th day of October, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3